(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Crow, Michael Dwayne** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Crow, Sandra Kay** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**7428** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**6709** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**9782 Hickory Hills Road**<br>**Rock Falls, IL 61071** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**9782 Hickory Hills Road**<br>**Rock Falls, IL 61071** |
| County of Residence or of the<br>Principal Place of Business:   **Whiteside** | County of Residence or of the<br>Principal Place of Business:   **Whiteside** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|
| ☑ Individual(s)          ☐ Railroad<br>☐ Corporation          ☐ Stockbroker<br>☐ Partnership          ☐ Commodity Broker<br>☐ Other _____          ☐ Clearing Bank | ☑ Chapter 7          ☐ Chapter 11          ☐ Chapter 13<br>☐ Chapter 9          ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business          ☐ Business | **Filing Fee** (Check one box)<br>☑ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>    Must attach signed application for the court's consideration certifying<br>    that the debtor is unable to pay fee except in installments.<br>    Rule 1006(b).  See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>    11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information**  (Estimates only)
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03)                                                                 FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Michael Dwayne Crow, Sandra Kay Crow** |
|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) |||
|---|---|---|
| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>  **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ Michael Dwayne Crow**
Signature of Debtor

X **s/ Sandra Kay Crow**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**10/13/2005**
Date

### Signature of Attorney

X **/s/**
Signature of Attorney for Debtor(s)

**Anna Sacco-Miller,  6275831**
Printed Name of Attorney for Debtor(s) / Bar No.

**Anna Sacco-Miller**
Firm Name

**P.O. Box 735  745 N. Brinton Ave.**
Address

**Dixon, IL. 61021**

**(815) 284-7888                      (815) 284-7707**
Telephone Number

**10/13/2005**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X **/s/**                                              **10/13/2005**
Signature of Attorney for Debtor(s)              Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.
☒  No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6A
(6/90)

In re:  **Michael Dwayne Crow**                    **Sandra Kay Crow**               .    Case No.
              **Debtor**                                                                                  **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **9782 Hickory Hills Road Rock Falls, IL  61071** | | **J** | **$ 79,800.00** | **$ 58,631.59** |
| | **Total** ➤ | | **$ 79,800.00** | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re  **Michael Dwayne Crow**          **Sandra Kay Crow**          Case No. _____
_____          _____          _____
   Debtor                                           (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash On Hand** | | **10.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account - Community State Bank** | | **10.00** |
| | | **Sterling Federal - Checking** | | **50.00** |
| | | **Sterling Federal - Savings** | | **1.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Chair** | | **25.00** |
| | | **Dressers** | | **75.00** |
| | | **End Tables** | | **20.00** |
| | | **Sofa** | | **50.00** |
| | | **Stove and Refrigerator** | | **250.00** |
| | | **Table** | | **50.00** |
| | | **Television** | | **50.00** |
| | | **Three Beds** | | **100.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** | | **100.00** |
| 7. Furs and jewelry. | | **Jewelry** | | **200.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Baseball bats, football and soccer equipment** | | **50.00** |
| | | | | |

FORM B6B
(10/89)

In re   **Michael Dwayne Crow**                    **Sandra Kay Crow**                   Case No.
_____          _____
                    Debtor                                                                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | **401 K - Harris Direct** | H | 13,102.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | **1/5 Interest of Parent's Estate** | W | 0.00 |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |

FORM B6B
(10/89)

In re  **Michael Dwayne Crow**          **Sandra Kay Crow**          Case No. _____
_____
Debtor                                                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1991 Chevy Astro Van** | H | 480.00 |
| | | **1992 Ford F150** | W | 1,245.00 |
| | | **2003 Ford Windstar** | H | 7,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **Beauty Shop Equipment** | W | 1,000.00 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

____2____  continuation sheets attached        Total ⟶        **$ 23,868.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re  **Michael Dwayne Crow**          **Sandra Kay Crow**          , **Case No.** _____
                    Debtor.                                                              **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).   **Note:  These exemptions are available only in certain states.**

☒ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has
been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period
than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is
exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1991 Chevy Astro Van | 735 ILCS 5/12-1001(c) | 480.00 | 480.00 |
| 1992 Ford F150 | 735 ILCS 5/12-1001(c) | 1,245.00 | 1,245.00 |
| 401 K - Harris Direct | 735 ILCS 5/12-704 | 0.00 | 13,102.00 |
| 9782 Hickory Hills Road Rock Falls, IL  61071 | 735 ILCS 5/12-901 | 15,000.00 | 79,800.00 |
|  | 735 ILCS 5/12-1001(b) | 2,959.00 |  |
| Baseball bats, football and soccer equipment | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Beauty Shop Equipment | 735 ILCS 5/12-1001(d) | 1,000.00 | 1,000.00 |
| Cash On Hand | 735 ILCS 5/12-1001(b) | 10.00 | 10.00 |
| Chair | 735 ILCS 5/12-1001(b) | 25.00 | 25.00 |
| Checking Account - Community State Bank | 735 ILCS 5/12-1001(b) | 10.00 | 10.00 |
| Clothing | 735 ILCS 5/12-1001(b) | 100.00 | 100.00 |
| Dressers | 735 ILCS 5/12-1001(b) | 75.00 | 75.00 |
| End Tables | 735 ILCS 5/12-1001(b) | 20.00 | 20.00 |
| Jewelry | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |
| Sofa | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Sterling Federal - Checking | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Sterling Federal - Savings | 735 ILCS 5/12-1001(b) | 1.00 | 1.00 |
| Stove and Refrigerator | 735 ILCS 5/12-1001(b) | 250.00 | 250.00 |
| Table | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Television | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Three Beds | 735 ILCS 5/12-1001(b) | 100.00 | 100.00 |

FORM B6D
(12/03)

In re:  **Michael Dwayne Crow**         **Sandra Kay Crow**                   ,   Case No. _____
_____
Debtor                                                                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Fifth Third Bank** <br> **2707 Sycamore Road** <br> **DeKalb, IL  60115** | | | **9782 Hickory Hills Road** <br> **Rock Falls, IL  61071** <br> _____ <br> **VALUE $79,800.00** | | | | **25,189.59** | **0.00** |
| ACCOUNT NO.  **0200813566** <br><br> **Fifth Third Bank** <br> **2707 Sycamore Road** <br> **DeKalb, IL  60115** | | | **9782 Hickory Hills Road** <br> **Rock Falls, IL  61071** <br> _____ <br> **VALUE $79,800.00** | | | | **33,442.00** | **0.00** |
| ACCOUNT NO. <br><br> **US Bank** <br> **305 4th Avenue** <br> **Sterling, IL  61081** | | | **2003 Ford Windstar** <br> _____ <br> **VALUE $7,000.00** | | | | **15,591.00** | **8,591.00** |

_0_ Continuation sheets attached

|  | | |
|---|---|---|
| **Subtotal** ➢ <br> (Total of this page) | | **$74,222.59** |
| **Total** ➢ <br> (Use only on last page) | | **$74,222.59** |

(Report total also on Summary of Schedules)

Form B6E
(04/04)

In re  **Michael Dwayne Crow**                    **Sandra Kay Crow**                    Case No. _____
                    Debtor                                                                                                (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**       (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but
before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions
owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding
the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in
11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original
petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11
U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal,
family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in
11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11
U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency,
or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of
an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or
after the date of adjustment.

Form B6E - Cont.
(04/04)

In re    **Michael Dwayne Crow**                    **Sandra Kay Crow**                    ,    Case No. _____
　　　　　　　Debtor                                                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. <u>1</u> of <u>1</u> sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | ➢ | **$0.00** |
| **Total**<br>**(Use only on last page of the completed Schedule E.)** | ➢ | **$0.00** |

(Report total also on Summary of Schedules)

Form B6F (12/03)

In re   **Michael Dwayne Crow** _____ **Sandra Kay Crow** _____ .   Case No. _____
         Debtor                                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Ag Finance**<br>**Payment Process Center**<br>**P.O. Box 4182**<br>**Carol Stream, IL  60197-4128** | | | **Credit** | | | | **380.00** |
| ACCOUNT NO.    **4381793**<br>**Avon Products**<br>**P.O. Box 6110**<br>**Westerville, OH. 43086-6110** | | | **06/08/2005**<br>**inventory** | | | | **119.34** |
| ACCOUNT NO.    **5424180780039837**<br>**Citi Card**<br>**P.O. Box 688918**<br>**Des Moines, IA** | | | **Credit Card** | | | | **11,235.07** |
| ACCOUNT NO.    **6032590102070124**<br>**Citi Financial**<br>**P.O. Box 22060**<br>**Tempe, AZ  85285-2060** | | | **Credit Card** | | | | **1,280.00** |
| ACCOUNT NO.    **0672145-000**<br>**Ganz, INC.**<br>**60 Industrial Parkway**<br>**Cheektowaga, NY. 14227-9903** | | | **09/30/2005**<br>**inventory** | | | | **357.38** |

<u>3</u>   Continuation sheets attached

Subtotal  ➤

Total  ➤

| | |
|---|---|
| Subtotal | **$13,371.79** |
| Total | |

Form B6F - Cont.
(12/03)

In re  **Michael Dwayne Crow**                  **Sandra Kay Crow**                  .  Case No. _____

       Debtor                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **24878711501**<br><br>**JC Penney**<br>**P.O. Box 960001**<br>**Orlando, FL  32869-0001** | | | **Credit Card** | | | | 538.28 |
| ACCOUNT NO.<br><br>**KSB Medical Group**<br>**P.O. Box 737**<br>**Dixon, IL  61021**<br><br>**Receivable Management Consultants**<br>**P.O. Box 220**<br>**Dixon, IL  61021** | | | **Medical** | | | | 965.33 |
| ACCOUNT NO.  **7761915**<br><br>**Mashall Supply Services**<br>**Dixon, IL. 61021**<br><br>**NCO Financial Systems, INC.**<br>**Department 300**<br>**1804 Washington BLVD.**<br>**Baltimore, MD. 21230** | | | **07/29/2005**<br><br>**inventory** | | | | 263.22 |
| ACCOUNT NO.  **03355**<br><br>**Peabudy's, Inc.**<br>**2900 - Polo Road**<br>**P.O. Box 443**<br>**Sterling, IL 61081** | | | | | | | 205.28 |

Sheet no. <u>1</u> of <u>3</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

| $1,972.11 |
|---|

Total ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

In re   **Michael Dwayne Crow** _____ **Sandra Kay Crow** _____ , Case No. _____
                     Debtor                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Rock River Monument**<br><br>**Sterling, IL  61081**<br><br><br>**RRCA**<br>**312 Locust**<br>**Sterling, IL  61081** | | | **Monument Engraving** | | | | 222.04 |
| ACCOUNT NO.<br><br>**RRCA**<br>**312 Locust Street**<br>**Sterling, IL  61081** | | | **Medical** | | | | 285.00 |
| ACCOUNT NO.   **500033096**<br><br>**SBC Yellow PAges**<br>**RH Donnelly**<br>**8519 Innovation Way**<br>**CHicago, IL. 60682-0085** | | | **10/02/2005**<br><br>**service** | | | | 421.12 |
| ACCOUNT NO.   **02874**<br><br>**State Beauty Supply**<br>**1104 State Street**<br>**Bettendorf, IA. 52722** | | | **08/31/2005**<br><br>**inventory** | | | | 536.79 |
| ACCOUNT NO.<br><br>**Sterling Rock Falls Clinic**<br>**101 East Miller Road**<br>**Sterling, IL  61081** | | | **Medical** | | | | 189.52 |

Sheet no.  2  of  3  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤
(Total of this page)

Total  ➤
(Use only on last page of the completed Schedule F.)

| | |
|---|---|
| Subtotal | **$1,654.47** |
| Total | |

Form B6F - Cont.
(12/03)

In re  **Michael Dwayne Crow**                    **Sandra Kay Crow**                    .  Case No. _____

Debtor                                                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**UW Health**<br>**P.O. Box 3006**<br>**Milwaukee, WI 53201-3006**<br><br>**State Collections**<br>**P.O.Box 6250**<br>**Madison, WI 53716** | | | **medical services** | | | | 370.08 |
| ACCOUNT NO.<br><br>**UW Physicians**<br>**P.O. Box 2978**<br>**Milwaukee, WI. 53201**<br><br>**State Collections**<br>**P.O. Box 6250**<br>**Madison, WI 53716** | | | **medical services** | | | | 405.96 |
| ACCOUNT NO.  **109874**<br>**Victory Beauty Systems**<br>**242 Fencl Lane**<br>**Hillside, IL. 60162-2096** | | | 09/30/2005<br><br>**inventory** | | | | 174.91 |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤

(Total of this page)

| | $950.95 |
|---|---|

Total ➤

**(Use only on last page of the completed Schedule F.)**

| | $17,949.32 |
|---|---|

(Report also on Summary of Schedules)

Anna Sacco-Miller   6275831
**Anna Sacco-Miller**
**P.O. Box 735**
**745 N. Brinton Ave.**
**Dixon, IL. 61021**

**(815) 284-7888**
Attorney for the Petitioner(s)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In Re:
Debtor:  **Michael Dwayne Crow**
Social Security Number:  **7428**

Joint Debtor:  **Sandra Kay Crow**
Social Security Number:  **6709**

Case No:

Chapter  **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1. **Ag Finance**<br>**Payment Process Center**<br>**P.O. Box 4182**<br>**Carol Stream, IL  60197-4128** | **Unsecured Claims** | **$   380.00** |
| 2. **Avon Products**<br>**P.O. Box 6110**<br>**Westerville, OH. 43086-6110** | **Unsecured Claims** | **$   119.34** |
| 3. **Citi Card**<br>**P.O. Box 688918**<br>**Des Moines, IA** | **Unsecured Claims** | **$ 11,235.07** |
| 4. **Citi Financial**<br>**P.O. Box 22060**<br>**Tempe, AZ  85285-2060** | **Unsecured Claims** | **$  1,280.00** |
| 5. **Fifth Third Bank**<br>**2707 Sycamore Road**<br>**DeKalb, IL  60115** | **Secured Claims** | **$ 25,189.59** |

In re:  **Michael Dwayne Crow**
        **Sandra Kay Crow**

Case No. _____

| | | | |
|---|---|---|---|
| **6.** | **Fifth Third Bank**<br>**2707 Sycamore Road**<br>**DeKalb, IL  60115** | **Secured Claims** | **$ 33,442.00** |
| **7.** | **Ganz, INc.**<br>**60 Industrial Parkway**<br>**Cheektowaga, NY. 14227-9903** | **Unsecured Claims** | **$   357.38** |
| **8.** | **JC Penney**<br>**P.O. Box 960001**<br>**Orlando, FL  32869-0001** | **Unsecured Claims** | **$   538.28** |
| **9.** | **KSB Medical Group**<br>**P.O. Box 737**<br>**Dixon, IL 61021** | **Unsecured Claims** | **$   965.33** |
| **10.** | **Mashall Supply Services**<br>**Dixon, IL. 61021** | **Unsecured Claims** | **$   263.22** |
| **11.** | **Peabudy's, Inc.**<br>**2900 - Polo Road**<br>**P.O. Box 443**<br>**Sterling, IL 61081** | **Unsecured Claims** | **$   205.28** |
| **12.** | **Rock River Monument**<br><br>**Sterling, IL  61081** | **Unsecured Claims** | **$   222.04** |
| **13.** | **RRCA**<br>**312 Locust Street**<br>**Sterling, IL  61081** | **Unsecured Claims** | **$   285.00** |
| **14.** | **SBC Yellow PAges**<br>**RH Donnelly**<br>**8519 Innovation Way**<br>**CHicago, IL. 60682-0085** | **Unsecured Claims** | **$   421.12** |

In re: **Michael Dwayne Crow**
       **Sandra Kay Crow**

Case No. _____

| 15. | **State Beauty Supply**<br>**1104 State Street**<br>**Bettendorf, IA. 52722** | **Unsecured Claims** | **$   536.79** |
|---|---|---|---|
| 16. | **Sterling Rock Falls Clinic**<br>**101 East Miller Road**<br>**Sterling, IL  61081** | **Unsecured Claims** | **$   189.52** |
| 17. | **US Bank**<br>**305 4th Avenue**<br>**Sterling, IL  61081** | **Secured Claims** | **$ 15,591.00** |
| 18. | **UW Health**<br>**P.O. Box 3006**<br>**Milwaukee, WI 53201-3006** | **Unsecured Claims** | **$   370.08** |
| 19. | **UW Physicians**<br>**P.O. Box 2978**<br>**Milwaukee, WI. 53201** | **Unsecured Claims** | **$   405.96** |
| 20. | **Victory Beauty Systems**<br>**242 Fencl Lane**<br>**Hillside, IL. 60162-2096** | **Unsecured Claims** | **$   174.91** |

In re:    **Michael Dwayne Crow**                                    Case No. _____
          **Sandra Kay Crow**

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

I, **Michael Dwayne Crow**, and I, **Sandra Kay Crow**, named as debtors in this case, declare under penalty of perjury that we
have read the foregoing Numbered Listing of Creditors, consisting of **3 sheets** (not including this declaration), and that it is true
and correct to the best of our information and belief.


Signature:    **s/ Michael Dwayne Crow**_____
              **Michael Dwayne Crow**

Dated:    **10/13/2005**_____

Signature:    **s/ Sandra Kay Crow**_____
              **Sandra Kay Crow**

Dated:    **10/13/2005**_____

Form B6G
(10/89)

In re:  **Michael Dwayne Crow**                    **Sandra Kay Crow**                    Case No. _____

Debtor                                                                                                    (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: **Michael Dwayne Crow** _____ **Sandra Kay Crow** _____, **Case No.** _____
                              **Debtor**                                                                    **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Form B6I
(12/03)

**In re**  **Michael Dwayne CrowSandra Kay Crow** , **Case No.** _____

Debtor                                                                      (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | **Daughter** | **13** |
| | **Daughter** | **11** |
| | **Son** | **11** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Factory** | **Hairdresser** |
| Name of Employer | **National** | **Self Employed** |
| How long employed | **7 years** | **19 years** |
| Address of Employer | **Sterling, IL  61081** | |

**Income**: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 2,280.00 | $ 900.00 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 2,280.00 | $ 900.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 90.42 | $ 0.00 |
| b. Insurance | $ 36.11 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify)  **401 K** | $ 118.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 244.53 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 2,035.47 | $ 900.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 2,035.47 | $ 900.00 |

TOTAL COMBINED MONTHLY INCOME      **$ 2,935.47**      (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:      **NONE**

Form B6J
(6/90)

In re **Michael Dwayne Crow Sandra Kay Crow**                              ,    Case No. _____

Debtor                                                                                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐    Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | | |
|---|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ | 536.75 |
| Are real estate taxes included?          Yes ✓      No | | | |
| Is property insurance included?          Yes ✓      No | | | |
| Utilities    Electricity and heating fuel | | $ | 213.00 |
| Water and sewer | | $ | 0.00 |
| Telephone | | $ | 75.00 |
| Other    **Cable** | | $ | 44.00 |
| **Garbage** | | $ | 27.00 |
| Home maintenance (repairs and upkeep) | | $ | 100.00 |
| Food | | $ | 600.00 |
| Clothing | | $ | 50.00 |
| Laundry and dry cleaning | | $ | 20.00 |
| Medical and dental expenses | | $ | 250.00 |
| Transportation (not including car payments) | | $ | 400.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| Charitable contributions | | $ | 25.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
| Homeowner's or renter's | | $ | 0.00 |
| Life | | $ | 81.00 |
| Health | | $ | 0.00 |
| Auto | | $ | 93.39 |
| Other    **Disability** | | $ | 57.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | | |
| Auto | | $ | 333.00 |
| Other    **Christian Faith School - Tuition** | | $ | 285.00 |
| Alimony, maintenance or support paid to others | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| Other | | $ | 0.00 |

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)          $    3,290.14

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each | $ | |

(interval)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:   **Michael Dwayne Crow**                    **Sandra Kay Crow**                    Case No. _____

Chapter   **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:                    $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:                    $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)                    $ _____ **0.00**
    4.  Payroll Taxes                    **0.00**
    5.  Unemployment Taxes                    **0.00**
    6.  Worker's Compensation                    **0.00**
    7.  Other Taxes                    **0.00**
    8.  Inventory Purchases (Including raw  materials)                    **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray                    **0.00**
    10. Rent (Other than debtor's principal residence)                    **0.00**
    11. Utilities                    **0.00**
    12. Office Expenses and Supplies                    **0.00**
    13. Repairs and Maintenance                    **0.00**
    14. Vehicle Expenses                    **0.00**
    15. Travel and Entertainment                    **0.00**
    16. Equipment Rental and Leases                    **0.00**
    17. Legal/Accounting/Other Professional Fees                    **0.00**
    18. Insurance                    **0.00**
    19. Employee Benefits (e.g., pension, medical, etc.)                    **0.00**
    20. Payments to Be Made Directly By Debtor to Secured Creditors For
        Pre-Petition Business Debts (Specify):
        **None**                    _____

    21. Other (Specify):

        **None**                    _____

    22. Total Monthly Expenses (Add items 3 - 21)                    $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)                    $ _____ **0.00**

Form B6
(6/90)

## United States Bankruptcy Court
## Northern District of Illinois

In re  **Michael Dwayne Crow**          Sandra Kay Crow          Case No.

Chapter      **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 79,800.00 | | |
| B - Personal Property | YES | 3 | $ 23,868.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 74,222.59 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 17,949.32 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,935.47 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $ 3,290.14 |
| Total Number of sheets in ALL Schedules ➤ | | 17 | | | |
| Total Assets ➤ | | | $ 103,668.00 | | |
| Total Liabilities ➤ | | | | $ 92,171.91 | |

Official Form 6 - Cont .
(12/03)

In re: **Michael Dwayne Crow**          **Sandra Kay Crow**                    .          Case No. _____
                     **Debtor**                                                                        **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**18**_____
                                                                                                      (Total shown on summary page plus 1.)
sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **10/13/2005**_____          Signature:  **s/ Michael Dwayne Crow**_____
                                                                        **Michael Dwayne Crow**

Date:  **10/13/2005**_____          Signature:  **s/ Sandra Kay Crow**_____
                                                                        **Sandra Kay Crow**

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(12/03)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:   **Michael Dwayne Crow**          **Sandra Kay Crow**          Case No. _____
**7428**                                  **6709**                     Chapter   **7**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **5,400.00** | **A & J Liquor, Inc. - Sandra** | **2003** |
| **7,467.00** | **Hairdresser - Self Employed - Sandra** | **2003** |
| **19,193.12** | **National - Michael** | **2003** |
| **5,930.00** | **Hairdresser - Self Employed - Sandra** | **2004** |
| **26,654.42** | **National - Michael** | **2004** |
| **23,400.00** | **A & J Liquor, Inc. - Sandra** | **2004** |

## 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

None
☑

a.   List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b.  List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12
or chapter 13 must include payments by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year**
immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or
chapter 13 must include information concerning either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.  Describe all property that has been attached, garnished or seized under any legal or equitable
process within **one year** immediately preceding the commencement of this case.  (Married debtors
filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale,
transferred through a deed in lieu of foreclosure or returned to the seller, within **one year**
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days**
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include any assignment by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.  Payments related to debt counseling or bankruptcy

None
☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15.  Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                   NAME USED                          DATES OF OCCUPANCY

None
☑

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.   List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.   List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.   List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18. Nature, location and name of business**

None
☑

a.      If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|-----------------------------|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| Date | **10/13/2005** | Signature of Debtor | **s/ Michael Dwayne Crow** |
|------|----------------|---------------------|----------------------------|
| | | | **Michael Dwayne Crow** |

| Date | **10/13/2005** | Signature of Joint Debtor | **s/ Sandra Kay Crow** |
|------|----------------|---------------------------|------------------------|
| | | | **Sandra Kay Crow** |

Official Form 8
( 12/03)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re:  **Michael Dwayne Crow**          **Sandra Kay Crow**          Case No. _____

**7428**                    **6709**               Chapter   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   a.   *Property To Be Surrendered.*

   Description of Property                              Creditor's Name

   **None**

   b.   *Property To Be Retained.*                    *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1.  9782 Hickory Hills Road Rock Falls, IL  61071 | **Fifth Third Bank** | | | X | |
| 2.  9782 Hickory Hills Road Rock Falls, IL  61071 | **Fifth Third Bank** | | | X | |
| 3.  2003 Ford Windstar | **US Bank** | | | X | |

Date:   **10/13/2005**                              **s/ Michael Dwayne Crow**
                                                    Signature of Debtor

Date:   **10/13/2005**                              **s/ Sandra Kay Crow**
                                                    Signature of Joint Debtor

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:    **Michael Dwayne Crow**          **Sandra Kay Crow**        Case No. _____

Debtors                                                                   Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | 551.00 |
   | Prior to the filing of this statement I have received | $ | 551.00 |
   | Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☒ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                    ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
     of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
     my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
     attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
         a petition in bankruptcy;

   b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)    [Other provisions as needed]
         **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **10/13/2005**

/s/ _____
**Anna Sacco-Miller, Bar No.  6275831**

**Anna Sacco-Miller**
Attorney for Debtor(s)

---